**WO**

1

2

3

4

5

6            **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE DISTRICT OF ARIZONA**

8

9   John Wayne Warden,                 )   No. CV 11-1461-PHX-DGC (JRI)
                                       )
10             Plaintiff,              )   **ORDER**
                                       )
11                                     )
    vs.                                )
12                                     )
                                       )
13  Sergeant Robbert Harris, et al.,   )
                                       )
14             Defendants.             )
                                       )
15  _____)

16         On July 22, 2011, Plaintiff John Wayne Warden, who is confined in the Arizona State

17  Prison Complex-Yuma (ASPC-Yuma) in San Luis, Arizona, filed a *pro se* civil rights

18  Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed *In Forma Pauperis*, and

19  a Request for Appointment of U.S. Marshall to Effect Service. In a July 29, 2011 Order, the

20  Court denied the deficient Application to Proceed and denied as premature the Request for

21  Appointment. The Court gave Plaintiff 30 days to pay the fee or file a complete Application

22  to Proceed *In Forma Pauperis*.

23         On August 10, 2011, Plaintiff filed a second Application to Proceed *In Forma

24  Pauperis*. In an August 25, 2011 Order, the Court granted the second Application to Proceed

25  and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave

26  Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the

27  Order.

**TERMPSREF** 28

1    On September 14, 2011, Plaintiff filed his First Amended Complaint (Doc. 11) and

2    a Motion for Appointment of Counsel (Doc. 12).  The Court will order Defendants Barrigan,

3    Spencer, and Barklay to answer Counts Two, Three, and Five of the First Amended

4    Complaint and will dismiss the remaining claims and Defendants without prejudice.  The

5    Court will deny without prejudice the Motion for Appointment of Counsel.

6    **I.    Statutory Screening of Prisoner Complaints**

7    The Court is required to screen complaints brought by prisoners seeking relief against

8    a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

9    § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

10   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

11   be granted, or that seek monetary relief from a defendant who is immune from such relief.

12   28 U.S.C. § 1915A(b)(1), (2).

13   A pleading must contain a "short and plain statement of the claim *showing* that the

14   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

15   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

16   unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

17   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

18   statements, do not suffice."  Id.

19   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

20   claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

21   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

22   that allows the court to draw the reasonable inference that the defendant is liable for the

23   misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

24   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

25   experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

26   allegations may be consistent with a constitutional claim, a court must assess whether there

27   are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

28

1    But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

2   must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

3   Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

4   than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

5   94 (2007) (*per curiam*)).

6   **II.    First Amended Complaint**

7       In his five-count First Amended Complaint, Plaintiff sues the following Defendants

8   at ASPC-Yuma: Sergeant/Transportation Officer Robbert Harris, Registered Nurses Nayelie

9   Barrigan and Helen Spencer, Facility Health Administrator Carrie Feehan, and Facility

10  Health Provider Karen Barklay. In each count, Plaintiff alleges that a particular Defendant

11  was deliberately indifferent to Plaintiff's medical needs in violation of the Eighth

12  Amendment. In his Request for Relief, Plaintiff seeks a jury trial, monetary damages, and

13  his costs of suit.

14      In Count One, Plaintiff alleges that Defendant Harris failed to exercise good

15  professional judgment and failed to follow Arizona Department of Corrections (ADOC)

16  procedures because he failed to escort Plaintiff to the health unit and failed to ensure that

17  Plaintiff's post-surgery instructions and prescriptions were transferred to the health unit staff

18  after Plaintiff returned from surgery and from his follow-up appointment with the

19  opthamologist. Plaintiff contends that as a result of Defendant Harris's failures, Plaintiff was

20  unable to receive his post-surgery medications in time to prevent his surgically repaired eye

21  from rupturing.

22      In Count Two, Plaintiff claims that Defendant Barrigan failed to follow ADOC

23  procedures because she failed to take Plaintiff's "vitals" and failed to take possession of

24  Plaintiff's post-surgery instructions and prescriptions after Plaintiff returned from his surgery

25  and from his post-surgery follow-up appointment. Plaintiff also contends that he went to the

26  health unit and requested his prescribed medication, but Defendant Barrigan informed him

27  that no post-surgery instructions had been sent and that he should check back in the evening.

28  Plaintiff states that the medication was not there when he returned, that he suffered without

1    the medication for several days, and that Defendant Barrigan made no efforts to obtain the

2    medication by calling the Facility Health Administrator or the opthamologist despite

3    observing Plaintiff in pain and despite Plaintiff and ADOC staff members making numerous

4    attempts to obtain the medication from Defendant Barrigan.

5        In Count Three, Plaintiff alleges that he informed Defendant Spencer that he was

6    suffering pain from pressure building up inside his surgically repaired eye and that he was

7    in serious need of his prescribed medication. Plaintiff asserts that Defendant Spencer looked

8    at Plaintiff's eye, informed him that "complications are to be expected," refused to contact

9    the Facility Health Administrator or the opthamologist to obtain the prescription, and told

10   Plaintiff to leave the health unit. Plaintiff asserts his eye ruptured later that day.

11       In Count Four, Plaintiff alleges that Defendant Feehan was aware of the surgery, was

12   responsible for coordinating and ensuring that the post-surgery instructions were transmitted

13   from the opthamologist to the health unit staff, but failed to "coordinat[e] and maintain[]

14   management of Plaintiff's surgery."

15       In Count Five, Plaintiff asserts that after his eye ruptured, Defendant Barklay

16   examined his eye and stated that she would request an "A.S.A.P." appointment with the

17   opthamologist and that Plaintiff would be seen within the week. Plaintiff contends that

18   Defendant Barklay informed him that the opthamologist had denied the request because it

19   was not an emergency and indicated that he would see Plaintiff in three weeks. Plaintiff

20   asserts that Defendant Barklay knew Plaintiff was in pain, but never checked on his condition

21   after she examined him. Plaintiff claims that when he saw the opthamologist three weeks

22   later, the opthamologist told Plaintiff that he had never been informed that Plaintiff's eye had

23   ruptured, that Defendant Barklay had not requested an "A.S.A.P." appointment, and that he

24   would not have turned down such a request.

25   **III.    Claims for Which an Answer Will be Required**

26       Liberally construed, Plaintiff has stated deliberate-indifference claims against

27   Defendants Barrigan, Spencer, and Barklay. The Court will require Defendant Barrigan,

28

1  Spencer, and Barklay to answer Counts Two, Three, and Five of the First Amended

2  Complaint.

3  **IV.    Failure to State a Claim**

4         Not every claim by a prisoner relating to inadequate medical treatment states a

5  violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a

6  plaintiff must show that the defendants acted with "deliberate indifference to serious medical

7  needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429

8  U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating

9  that failure to treat the condition could result in further significant injury or the unnecessary

10  and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.

11  Jett, 439 F.3d at 1096 (quotations omitted).

12         "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,

13  1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know

14  of and disregard an excessive risk to inmate health; "the official must both be aware of facts

15  from which the inference could be drawn that a substantial risk of serious harm exists, and

16  he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate

17  indifference in the medical context may be shown by a purposeful act or failure to respond

18  to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439

19  F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally

20  denies, delays, or interferes with medical treatment or by the way prison doctors respond to

21  the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

22         Deliberate indifference is a higher standard than negligence or lack of ordinary due

23  care for the prisoner's safety.  Farmer, 511 U.S. at 835.  "Neither negligence nor gross

24  negligence will constitute deliberate indifference." Clement v. California Dep't of

25  Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter

26  Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

27  "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does

28  not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v.

1  Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is

2  insufficient to state a claim against prison officials for deliberate indifference.  See Shapley

3  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference

4  must be substantial.  The action must rise to a level of "unnecessary and wanton infliction

5  of pain."  Estelle, 429 U.S. at 105.

6          Plaintiff's allegations in Counts One and Four support, at best, a claim that Defendants

7  Harris and Feehan may have acted negligently or committed medical malpractice.  His

8  allegations do not support a claim that either Defendant acted with deliberate indifference.

9  Thus, the Court will dismiss without prejudice Defendants Harris and Feehan and Counts

10  One and Four of the First Amended Complaint.

11  **V.      Motion for Appointment of Counsel**

12          There is no constitutional right to the appointment of counsel in a civil case.  See Ivey

13  v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).  In

14  proceedings *in forma pauperis*, the court may request an attorney to represent any person

15  unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C.

16  § 1915(e)(1) is required only when "exceptional circumstances" are present.  Terrell v.

17  Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional

18  circumstances requires an evaluation of the likelihood of success on the merits as well as the

19  ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue

20  involved.  Id.  "Neither of these factors is dispositive and both must be viewed together

21  before reaching a decision."  Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th

22  Cir. 1986)).

23          Having considered both elements, it does not appear at this time that exceptional

24  circumstances are present that would require the appointment of counsel in this case.

25  Plaintiff is in no different position than many *pro se* prisoner litigants.  Thus, the Court will

26  deny without prejudice Plaintiff's Motion for Appointment of Counsel.

27  . . . .

28  . . . .

1 **VI.    Warnings**

2          **A.    Release**

3          Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

4 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

5 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

6 in dismissal of this action.

7          **B.    Address Changes**

8          Plaintiff must file and serve a notice of a change of address in accordance with Rule

9 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

10 relief with a notice of change of address.  Failure to comply may result in dismissal of this

11 action.

12          **C.    Copies**

13          Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

14 of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

15 stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

16 an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

17 may result in the filing being stricken without further notice to Plaintiff.

18          **D.    Possible Dismissal**

19          If Plaintiff fails to timely comply with every provision of this Order, including these

20 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

21 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

22 comply with any order of the Court).

23 **IT IS ORDERED:**

24          (1)    Counts One and Four are **dismissed** without prejudice.

25          (2)    Defendants Harris and Feehan are **dismissed** without prejudice.

26          (3)    Defendants Barrigan, Spencer, and Barklay must answer Counts Two, Three,

27 and Five of the First Amended Complaint.

28

1    (4)    Plaintiff's Motion for Appointment of Counsel (Doc. 12) is **denied** without

2    prejudice.

3    (5)    The Clerk of Court must send Plaintiff a service packet including the First

4    Amended Complaint (Doc. 11), this Order, and both summons and request for waiver forms

5    for Defendants Barrigan, Spencer, and Barklay.

6    (6)    Plaintiff must complete[1] and return the service packet to the Clerk of Court

7    within 21 days of the date of filing of this Order. The United States Marshal will not provide

8    service of process if Plaintiff fails to comply with this Order.

9    (7)    If Plaintiff does not either obtain a waiver of service of the summons or

10    complete service of the Summons and First Amended Complaint on a Defendant within 120

11    days of the filing of the Complaint or within 60 days of the filing of this Order, whichever

12    is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m);

13    LRCiv 16.2(b)(2)(B)(i).

14    (8)    The United States Marshal must retain the Summons, a copy of the First

15    Amended Complaint, and a copy of this Order for future use.

16    (9)    The United States Marshal must notify Defendants of the commencement of

17    this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

18    Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The**

19    **Marshal must immediately file signed waivers of service of the summons. If a waiver**

20    **of service of summons is returned as undeliverable or is not returned by a Defendant**

21    **within 30 days from the date the request for waiver was sent by the Marshal, the**

22    **Marshal must**:

23    (a)    personally serve copies of the Summons, First Amended Complaint, and

24    this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil

25    Procedure; and

26    _____

27    [1]If a Defendant is an officer or employee of the Arizona Department of Corrections,
Plaintiff must list the address of the specific institution where the officer or employee works.

28    Service cannot be effected on an officer or employee at the Central Office of the Arizona
Department of Corrections unless the officer or employee works there.

1    (b)    within 10 days after personal service is effected, file the return of service

2    for Defendant, along with evidence of the attempt to secure a waiver of service of the

3    summons and of the costs subsequently incurred in effecting service upon Defendant.

4    The costs of service must be enumerated on the return of service form (USM-285) and

5    must include the costs incurred by the Marshal for photocopying additional copies of

6    the Summons, First Amended Complaint, or this Order and for preparing new process

7    receipt and return forms (USM-285), if required.    Costs of service will be taxed

8    against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules

9    of Civil Procedure, unless otherwise ordered by the Court.

10    (10)    **A Defendant who agrees to waive service of the Summons and First**

11    **Amended Complaint must return the signed waiver forms to the United States Marshal,**

12    **not the Plaintiff.**

13    (11)    Defendants must answer the First Amended Complaint or otherwise respond

14    by appropriate motion within the time provided by the applicable provisions of Rule 12(a)

15    of the Federal Rules of Civil Procedure.

16    (12)    Any answer or response must state the specific Defendant by name on whose

17    behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

18    does not identify the specific Defendant by name on whose behalf it is filed.

19    (13)    This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1

20    and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

21    under 28 U.S.C. § 636(b)(1).

22    DATED this 29th day of September, 2011.

23

24

25    _David G. Campbell_

26    David G. Campbell
      United States District Judge

27

28